## District Council 33 of American Federation of State, County and Municipal Employees v. Philadelphia

*Wilderman, Markovitz & Kirschner,* for plaintiffs.
*H. D. Sherr,* for defendants.

HIRSH, J., June 1, 1971.—This matter is before the court on four different actions in equity which have been instituted against the City of Philadelphia by employes who are receiving disability benefits under Civil Service Regulation 32. A complaint in equity was filed by District Council 33 on behalf of the non-uniformed employes. A complaint in mandamus was filed by firemen of the City of Philadelphia, who are under regulation 32. A complaint in equity and an action in mandamus were filed by police officers who are under regulation 32.

Regulation 32 covers those employes who are injured on duty. This action is particularly concerned

with those who are declared permanently and partially disabled.

Regulation 32.0613 provides that an employe who is partially disabled and refuses to cooperate in the placement program shall be limited to disability benefits of one year from the date of disability.

Regulation 32.0642 provides that those disabled employes who signify their willingness to take a secondary position and cannot be immediately placed, shall be compensated at full salary for a period not to exceed three years.

Regulation 32.06213 provides that those disabled employes in a secondary position shall receive as supplemental pay, the difference between the salary of the secondary position and the salary of their regular position, so that their pay will equal the amount that they would have been entitled to had they not been hurt.

Those employes who receive payments under regulation 32 are paid by the Director of Finance from a fund entitled "Employees Disability Benefits." These benefits are contained in the current budget at page 8. The total figure is $2,743,000.

Defendants admit that there is no question that under regulation 32 these employes are entitled to be paid their salary while awaiting placement, and their supplemental salary as long as they occupy secondary positions, if the funds are available. Defendants aver, however, that the funds at this point have been exhausted and that this fact discharges any liability on their part under regulation 32.

The letter of Foster B. Roser, Personnel Director, dated January 15, 1971, which is attached as an exhibit to the complaint, states as follows:

"I have been informed by Finance Director Romanus J. Buckley that budgeted funds for the pur-

pose of financing payments to employees entitled to Regulation 32 benefits will be exhausted on January 29, 1971, and therefore no further payments for such purpose will be made after that date."

Plaintiffs argue that if this is the case, defendants are required to make such appropriation of funds as may be necessary to meet their obligation under regulation 32 of the Civil Service Regulations of the City of Philadelphia.

At trial the parties agreed to make a part of the record the following exhibits:

P-1. Contract between the City of Philadelphia and District Council 33 with all appendages thereto.

P-2. Arbitration award between the Philadelphia Federation of Police Lodge No. 5 and the City of Philadelphia.

P-3. Arbitration award between the City Fire Fighters Association Local No. 22 and the City of Philadelphia.

P-4. Copy of Regulation 32.

P-5. Letter dated January 15, 1971, from Foster B. Roser, Personnel Director of the City of Philadelphia, to plaintiff Charles A. Thomas.

P-6. Booklet titled Questions and Answers related to Civil Service Regulation 32 and Information Booklet.

P-7. Letter signed by Mayor James H. J. Tate dated January 26, 1971.

P-8. Police Department document showing names and assignments of 51 policemen working under regulation 32.

P-9. Police Department accident statistics.

P-10. Police Department vehicle statistics.

P-11. Police Department accident report.

The issue raised is whether this court may enjoin defendants from terminating payments due under

regulation 32 and whether this court may order defendants to make the necessary appropriations so that required payments under regulation 32 can be made.

## FINDINGS OF FACT

The court finds the following facts:

1. Plaintiffs are employes of the City of Philadelphia receiving disability benefits under Civil Service Regulation 32.

2. Plaintiffs received a letter from the Personnel Director of the City of Philadelphia which set forth that ". . . budgeted funds for the purpose of financing payments to employees entitled to Regulation 32 benefits will be exhausted on January 29, 1971, and therefore no further payments for such purpose will be made after that date."

3. The course of conduct contemplated by the City of Philadelphia as set forth in the letter of the Personnel Director constitutes a dispute under 43 PS §217.4a.

4. The said dispute arises from unilateral action of the City of Philadelphia.

5. Regulation 32 benefits are an integral part of the collective bargaining agreement between the city and the employes involved.

6. Pursuance of the course of conduct contemplated by the city in terminating payments under regulation 32 would result in a work slow-down or strike by plaintiffs.

7. Such a slow-down or strike would result in serious consequences to the City of Philadelphia and the health, welfare and safety of the citizens of the said city would be affected thereby.

## DISCUSSION OF FACTS AND LAW

Plaintiffs ask that the City of Philadelphia be en-

joined from terminating regulation 32 benefits and also that the city be ordered to appropriate necessary funds to make those payments required under regulation 32. The city admits that there is no question under regulation 32 that these employes are entitled to be paid their salary while awaiting placement, and their supplemental salary as long as they keep secondary positions *if the funds are available.* The city contends, however, that the funds for such payments have been exhausted and that this presents a complete defense to any law suit by these plaintiffs and that, therefore, any liability of the city under regulation 32 is not enforceable either by any action at law, in equity or otherwise.

Because this matter introduces questions involving the city charter and civil service regulations, it is necessary to review the enabling legislation which gives Philadelphia the authority to be a home rule charter city. According to this enabling legislation, home rule charter is not absolute. Limitations on home rule charter are contained in 53 PS §13133-(b)(c). That is to say, ". . . no city shall exercise powers contrary to, or in limitation or enlargement of, powers granted by acts of the General Assembly which are:

"(a) . . .

"(b) Applicable in every part of the Commonwealth.

"(c) Applicable to all cities of the Commonwealth."

To the extent, therefore, that any provision of the home rule charter would be inconsistent with the enabling act as set forth above, it would be void. There are two such statutes which apply to (1) every part of the Commonwealth, and (2) to all cities of the Commonwealth, thereby limiting home rule charter and civil service regulations promulgated under

authority of the home rule charter. The two such applicable statutes are contained in 43 PS §217.1, entitled, "An Act specifically authorizing collective bargaining between policemen and firemen and their public employers: providing for arbitration in order to settle disputes, and requiring compliance with collective bargaining agreements and findings of arbitrators."

43 PS §217.9 provides that, "The provisions of this act shall be applicable to every political subdivision of this Commonwealth, notwithstanding the fact that any such political subdivision, either before or after the passage of this act, has adopted or adopts a home rule charter."

43 PS §217.2 provides that, "It shall be the duty of public employers and their policemen and firemen employes to exert every reasonable effort to settle all disputes by engaging in collective bargaining in good faith and by entertaining into settlements by way of written agreements and maintaining the same."

It appears, therefore, that the failure of the city to comply with 43 PS §217.4, relating to all disputes between a public employer and its policemen, clearly was violated when the city unilaterally sent letters of termination of the disability benefits.

In addition, the General Assembly has enacted another statute, 53 PS §637, which applies to every part of the Commonwealth and is applicable to all cities of the Commonwealth, and should, therefore, limit the home rule charter. That statute provides, in essential part, as follows:

". . . any policeman, fireman or park guard of any county, city, borough, town or township, who is injured in the performance of his duties including, in the case of firemen, duty as special fire police, and

by reason thereof is temporarily incapacitated from performing his duties, shall be paid . . . by the county . . . by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased . . ."

It is our understanding that the city charter, section 2-309, gives the affirmative duty to the members of city council to appropriate sufficient funds *coming due under contracts* for services to be rendered for periods of time in excess of one year. We quote:

"The Council may by ordinance authorize . . . the contracting . . . for services to be rendered over a period of more than one year without making appropriations therefor beyond the current year. Such . . . contracts shall be valid and binding upon the City although no appropriations have been made for the ensuing years during which . . . contracts are to be operative; but it shall be the duty of the Council to make subsequent appropriations from year to year to pay amounts *coming due* under such . . . contracts . . ."

The city, in support of its position, cites several cases, all of which were decided before the passage of the collective bargaining act of 1968, the Act of June 24, 1968, P. L. (No. 111), sec. 1, 43 PS §217.1. Since the passage of this act, the Supreme Court has on two occasions discussed the effect of same. In Harney v. Russo et al., 435 Pa. 183 (1969), Mr. Justice Roberts of the Supreme Court, responding to the municipality's argument of inability to pay, said:

"Furthermore, if we do hear a case in which tax millage, as a matter of record, cannot permissibly be raised so as to provide sufficient funds to pay the required benefits to the employees, it will still be open to this Court to rule that the Act of June 24, 1968 impliedly authorizes a court-approved millage ceiling

increase to pay the arbitration award where necessary, or to hold that the municipal budget must be adjusted in other places in order to provide resources for policemen's or firemen's salaries."

In Washington Arbitration Case, 436 Pa. 168 (1969), at page 177, the court affirmed its position when it stated:

"Public employers are in many respects more limited in what they may do vis-a-vis their employees, and those limitations must be maintained. The essence of our decision is that an arbitration award may only require a public employer to do that which it could do voluntarily. We emphasize that this does *not* mean that a public employer may hide behind self-imposed legal restrictions. An arbitration award which deals only with proper terms and conditions of employment serves as a mandate to the legislative branch of the public employer, and if the terms of the award require affirmative action on the part of the Legislature, they must take such action, if it is within their power to do so."

Considering these expressions by the Supreme Court, we feel that the position of the City of Philadelphia is extremely weak where, on the one hand, the city admits liability and that these employes are entitled to the payments they request under regulation 32 and, on the other hand, it takes the position that because the appropriated funds are exhausted, the city cannot be held for such payments.

On the contrary, this court feels not only can the city be held liable but that it is the responsibility of the court to direct appropriation of necessary funds to make the required payments if the city fails or refuses to do so.

## CONCLUSION OF LAW

1. That the court has jurisdiction of the parties and subject matter.

2. That plaintiffs have no adequate remedy at law.

3. That the home rule charter is subject to the enabling legislation as contained in 53 PS §13133(b)(c).

4. There are two statutes which come within the purview of the enabling legislation as contained in 53 PS §13133(b)(c): (A) 43 PS §217.1 through 217.9; (B) 53 PS §637.

5. That regulation 32 benefits are legal obligations of the City of Philadelphia under the agreement between District Council 33 and the city as well as by virtue of the city's promulgation of regulation 32 which induced the affected employes to accept and maintain their jobs with the city.

6. That the contemplated course of conduct of the city as set forth in letter dated January 15, 1971, constitutes a dispute within 43 PS §217.4.

7. That the said dispute arose from unilateral action of the city.

8. That the three year limitation set forth in regulation 32 is a temporary limitation for the purpose of 53 PS §637.

9. That the unilateral action constituted a violation of 43 PS §217.4 and 53 PS §637 as well as a violation of the agreement between the city and District Council 33 as also the arbitrated agreement between the city and the police and firemen.

10. That section 2-309 of the city charter governs city council in appropriating funds for regulation 32 benefits.

11. That pursuant to section 2-309, the city incurred the legal obligation to pay disability benefits under regulation 32.

12. That the court has authority to compel defendants to comply with their legal obligations.

13. That the court has authority to enjoin conduct of defendants predicated upon their failure to comply with their legal obligations.

14. The defense that absence of facts and/or sufficient appropriations under these circumstances is not valid.

Accordingly, it is hereby ordered and decreed that said defendants appropriate funds for the purpose of financing payments to plaintiffs and to make such payments as provided by City of Philadelphia Civil Service Regulation 32.